. MORROW, P. J.
Appellant was convicted of theft; punishment assessed at confinement in the penitentiary for a period of four years.
[1] The record is before us without a statement of facts. Certain exceptions to the charge and the admission of evidence appear. It is a general rule that, in the absence of a statement of facts, where no fundamental error appears, every presumption Will be in favor of the regularity of the procedure, the accuracy of the court’s charge, and the sufficiency of the evidence. Davis v. State, 2 Tex. App. 162, and other cases listed in Branch’s Ann. Penal Code, § 602. Exceptions to this rule at times arise, but nothing in the record brings the instant case within any of them. Mitchell v. State, 2 Tex. App. 404, referred to by Mr. Branch in the section mentioned; Williams v. State, 77 S. W. 447; Walker v. State, 98 S. W. 265; Denton v. State, 42 Tex. Cr. R. 427, 60 S. W. 670; Hare v. State, 56 Tex. Cr. R. 6, 118 S. W. 544, 133 Am. St. Rep. 950; Brown v. State, 57 Tex. Cr. R. 269, 122 S. W. 565.
In the case before us, we are without the benefit of a brief for appellant, and there is but one bill of exceptions which challenges our attention. That relates to the introduction of the confession of the appellant. Two questions arise, namely: Was there a warning given? and, Was the confession voluntary?
[2] The statement is sworn to and given in an examining court in the presence of the justice of the peace and the county attorney. It is not made clear from the bill whether it was in the nature of testimony on preliminary trial or a confession in the technical sense. If the former, the warning was unnecessary to render it admissible. Kirkpatrick v. State, 57 Tex. Cr. R. 17, 121 S. W. 511; Dill v. State, 35 Tex. Cr. R. 240, 33 S. W. 126, 60 Am. St. Rep. 37; Rios v. State, 183 S. W. 152.
[3, 4] We think the bill of exceptions does not show error. If this were doubtful, however, we would not feel authorized to reverse the judgment because of the admission of the statement, for the reason that it is disclosed by another bill of exceptions that there was introduced in evidence a verbal confession of the appellant, which we think was admissible under the phase of article 81Ó, which permits the use of verbal confessions where “they are accompanied statements made by the accused from which the confession is found to be true or which conduce to establish his guilt.”
From the qualification of the bill complaining of the receipt of the verbal confession, it is made to appear that by means thereof the stolen property was discovered. This being true, the verbal confession was admissible. Smith v. State, 53 Tex. Cr. R. 643, 111 S. W. 939; Vernon’s Texas Crim. Statutes, vol. 2, p. 756, note 12, and cases cited. The verbal confession having been properly admitted, and it going to establish the same fact to the proof of which the written statement was directed, any supposed error in the admission of the latter would be rendered harmless. Fulcher v. State, 28 Tex. App. 470, 13 S. W. 750; Brown v. State, 20 S. W. 924; Laurence v. State, 31 Tex. Cr. R. 601, 21 S. W. 766; Am. Digest (Century Edition) vol. 15, p. 933.
Especially is this true in the instant case, where effect must be given to the presumption that there was before the jury legal evidence adequate to sustain the conviction.
The judgment is affirmed.

<guwFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(gzsjFor other eases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes